**UNITED STATES DISTRICT COURT**
**MASSACHUSETTS**

**HEATHER HASTAY,**
      **Plaintiff,**

**v.**                                                                                    **C.A. NO.**

**MATTHEW HOLDEN,**
**THE MASSACHUSETTS STATE POLICE, and**
**THE COMMONWEALTH OF MASSACHUSETTS,**
      **Defendants.**

**COMPLAINT AND JURY CLAIM**

1. The Plaintiff, Heather Hastay, is a resident of Marshfield, MA.

2. The Defendant, Matthew Holden, was at all relevant times an individual employed as a Trooper for the Massachusetts State Police (badge number #4146) and assigned to the State Police barracks in Norwell, MA.

3. The Defendant, the Massachusetts State Police, is an agency of the Commonwealth of Massachusetts being sued pursuant to G.L. c. 258, for the unlawful and negligent actions of Trooper Holden, as set forth in this Complaint.

4. The Defendant, the Commonwealth of Massachusetts, being sued pursuant to G.L. c. 258, for the unlawful and negligent actions of Trooper Holden, as set forth in this Complaint.

5. During the evening of May 9, 2019, Ms. Hastay, then 24-years old, was at the Ming Dynasty restaurant in Marshfield, MA. Sometime before midnight, Ms. Hastay left the Ming Dynasty with a friend with whom she had been dining, and began to drive home.

6. As Ms. Hastay drove out of the Ming Dynasty parking lot onto the roadway, she was immediately and unlawfully stopped by Trooper Holden. Trooper Holden had no reason to stop Ms. Hastay.

7. Trooper Holden approached Ms. Hastay's vehicle. He did not inform her why he had stopped her vehicle. He then proceeded to ask Ms. Hastay personal and inappropriate questions including whether she was a student, where she went to school, and whether she was employed. Ms. Hastay answered the Trooper's odd questions.

1

8. Ms. Hastay was not exhibiting any signs of intoxication, as she was not intoxicated. Trooper Holden, however, asked if she had consumed any alcohol that evening. Ms. Hastay truthfully informed Trooper Holden that she had consumed alcohol that evening at Ming Dynasty. Trooper Holden then ordered Ms. Hastay from her vehicle to conduct a field sobriety test.

9. Ms. Hastay performed the tests without problem or issue, as she was not intoxicated, however, Trooper Holden informed her that she turned while taking the 10th step of the 10 step turn test (rather than taking the 10th step and then turning), that she failed to properly count backwards, and that she had failed the test. Trooper Holden then placed her under arrest.

10. Trooper Holden then searched her vehicle. Nothing was found. Trooper Holden had Ms. Hastay's vehicle towed from the scene, and allowed her passenger to leave the scene on foot.

11. In the now early morning hours of May 10, 2019, Trooper Holden transported Ms. Hastay to the State Police barracks in Norwell, MA. Trooper Holden brought Ms. Hastay into a small, dark room/closet near the booking area. Based on his tone and demeanor, Ms. Hastay was fearful of what was to happen to her alone and handcuffed in a small, unlit, and dark room with Trooper Holden.

12. While inside the small, dark room, Trooper Holden ordered the still handcuffed Ms. Hastay to empty her pockets. She complied, but based on his demeanor and tone, she remained very fearful and concerned about his intentions.

13. Thereafter, Trooper Holden brought her into the booking area where they were again alone, and at this time, he groped her buttocks and groin. Ms. Hastay was shocked, alarmed and humiliated by this treatment, but feared that since they were alone there was nothing that she could do, except hope that Trooper Holden stopped the abuse.

14. Ms. Hastay took and passed a breathalyzer test, as she was not intoxicated, and had been improperly arrested. Trooper Holden then called a supervisor to find what he should do since Ms. Hastay had passed the breathalyzer, and he was told to let her go.

15. Trooper Holden kept Ms. Hastay at the barracks a while longer and then ultimately let her leave with a warning for a number plate violation. This warning was a pretext, and clearly a transparent attempt to create cover for the Trooper's improper actions, as there was no issue with Ms. Hastay's license plate or plate light. Trooper Holden then prepared an inaccurate Incident Report, written to cover up his improper actions. The Incident Report was itself internally inconsistent, as Trooper Holden asserted in Paragraph 1 that he stopped Ms. Hastay at 1:00 A.M., but the Vehicle Inventory Report, which was prepared after the search of her vehicle, was completed at 12:48

A.M., 12 minutes before the Trooper indicated in the report that he had stopped Ms. Hastay.

16. Trooper Holden stopped Ms. Hastay without cause. He abused his position of power by making an arbitrary and unsubstantiated decision that Ms. Hastay had failed a field sobriety test when she was not intoxicated. He improperly incited fear and humiliation by bringing her alone into a small dark room and ordering her to empty her pockets while handcuffed. Thereafter, he touched her inappropriately by groping her buttocks and groin.

17. Ms. Hastay was traumatized by Trooper Holden's improper acts. She is fearful, has lost sleep, and cries often. This event has caused physical ailments, and has significantly diminished her quality of life.

18. On October 29, 2020, Ms. Hastay sent a Presentment Letter pursuant to G.L. c. 258, s. 4, via Certified Mail to Maura Healy, the Attorney General of Massachusetts, and to Thomas Turco, the Secretary for the Executive Office of Public Safety and Security. (Attachments 1-3). More than six months have passed without a response from the noticed parties.

## COUNT I
## 42 U.S.C. s. 1983

19. The Plaintiff reasserts and realleges the allegations contained in paragraphs 1-18 as if set forth again herein.

20. As set forth above, Trooper Holden subjected Ms. Hastay to conduct that occurred under color of state law.

21. As set forth above, this conduct by Trooper Holden deprived Ms. Hastay of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution, this conduct includes, but is not limited to, Trooper Holden unlawfully stopping, arresting, searching, assaulting, committing battery upon, and placing Ms. Hastay in fear for her safety.

22. Trooper Holden was acting as an employee and agent of the Massachusetts State Police and the Commonwealth of Massachusetts at the time he engaged in this conduct.

23. As a result of this conduct by Trooper Holden, Ms. Hastay has suffered great emotional distress and upset, manifested by physical symptoms of sleeplessness and crying, and has significantly diminished her quality of life.

24. As a result of this conduct by Trooper Holden, Ms. Hastay is entitled to punitive damages, an award of attorney's fees, and full compensation for her damages to be proven at trial.

WHEREFORE, the Plaintiff demands judgment against the Defendants for punitive damages, attorney fees, and an amount sufficient to compensate her for her damages to be proven at trial together with interest, costs, and such further relief as is just and proper.

## COUNT II
## G.L. c. 12, s. 11I

25. The Plaintiff reasserts and realleges the allegations contained in paragraphs 1-24 as if set forth again herein.

26. As set forth above, Trooper Holden interfered and/or attempted to interfere by threats, intimidation or coercion with Ms. Hastay's exercise or enjoyment of rights secured by the constitution or laws of the United States and/or the rights secured by the constitution or laws of the Commonwealth of Massachusetts.

27. As set forth above, Trooper Holden did so by conduct that includes, but is not limited to, Trooper Holden unlawfully stopping, arresting, searching, assaulting, committing battery upon, and placing Ms. Hastay in fear for her safety.

28. Trooper Holden was acting as an employee and agent of the Massachusetts State Police and the Commonwealth of Massachusetts at the time he engaged in this conduct.

29. As a result of this conduct by Trooper Holden, Ms. Hastay has suffered great emotional distress and upset, manifested by physical symptoms of sleeplessness and crying, and has significantly diminished her quality of life.

WHEREFORE, the Plaintiff demands judgment against the Defendant for an amount sufficient to compensate her for her damages to be proven at trial, and her attorney's fees, together with interest, costs, and such further relief as is just and proper.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The Plaintiff hereby reasserts Paragraphs 1 – 29 above as if fully set forth herein.

31. Trooper Holden knew or should have known the conduct set forth above would likely have caused Ms. Hastay to suffer emotional distress.

32. Trooper Holden's actions were extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

33. Trooper Holden's actions caused Ms. Hastay to suffer emotional distress.

34. Ms. Hastay's emotional distress was severe and of a nature that no reasonable person could be expected to endure.

WHEREFORE, the Plaintiff demands judgment against the Defendant for an amount sufficient to compensate her for her damages to be proven at trial, and her attorney's fees, together with interest, costs, and such further relief as is just and proper.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

35. The Plaintiff hereby reasserts Paragraphs 1 –34 above as if fully set forth herein.

36. Trooper Holden negligently engaged in the conduct set forth above.

37. Trooper Holden's negligence caused Ms. Hastay to suffer emotional distress manifested by physical symptoms as set forth above.

38. A reasonable person would have suffered emotional distress under the circumstances of this case.

WHEREFORE, the Plaintiff demands judgment against the Defendant for an amount sufficient to compensate her for her damages to be proven at trial, and her attorney's fees, together with interest, costs, and such further relief as is just and proper.

## COUNT V
## ASSAULT

39. The Plaintiff hereby reasserts Paragraphs 1 – 38 above as if fully set forth herein.

40. By the conduct set forth above, Trooper Holden placed Ms. Hastay in imminent fear for her safety, imminent fear that she would be sexually assaulted by Trooper Holden, and imminent fear of bodily harm.

41. As a proximate cause of the conduct set forth above, Ms. Hastay suffered damages and emotional distress manifested by physical symptoms.

WHEREFORE, the Plaintiff demands judgment against the Defendant for punitive damages, attorney fees, and an amount sufficient to compensate her for her damages to be proven at trial together with interest, costs, and such further relief as is just and proper.

## COUNT VI
## BATTERY

42. The Plaintiff hereby reasserts Paragraphs 1 – 41 above as if fully set forth herein.

43. By the conduct set forth above, Trooper Holden engaged in an intentional touching of Ms. Hastay's body without her consent.

44. As a proximate cause of the conduct set forth above, Ms. Hastay suffered damages and emotional distress manifested by physical symptoms.

WHEREFORE, the Plaintiff demands judgment against the Defendant for punitive damages, attorney fees, and an amount sufficient to compensate her for her damages to be proven at trial together with interest, costs, and such further relief as is just and proper.

## COUNT VII
## NEGLIGENCE

45. The Plaintiff hereby reasserts Paragraphs 1 – 44 above as if fully set forth herein.

46. By the conduct set forth above, Trooper Holden was negligent.

47. As a proximate cause of the conduct set forth above, Ms. Hastay suffered damages and emotional distress manifested by physical symptoms.

WHEREFORE, the Plaintiff demands judgment against the Defendant for an amount sufficient to compensate her for her damages to be proven at trial together with interest, costs, and such further relief as is just and proper.

## COUNT VIII
## G.L. c. 258

48. The Plaintiff hereby reasserts Paragraphs 1 – 47 above as if fully set forth herein.

49. By the conduct of Trooper Holden set forth above, the Massachusetts State Police and the Commonwealth of Massachusetts are liable to Ms. Hastay pursuant to G.L. c. 258.

50. As a proximate cause of the conduct set forth above by Trooper Holden, Ms. Hastay suffered damages and emotional distress manifested by physical symptoms.

WHEREFORE, the Plaintiff demands judgment against the Defendants for an amount sufficient to compensate her for her damages to be proven at trial together with interest, costs, and such further relief as is just and proper.

## JURY CLAIM

The Plaintiff respectfully demands a jury trial on all issues so triable.

## RULE 11 CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Dated: March 23, 2022

Respectfully submitted,

PLAINTIFF,
Heather Hastay,
By her attorneys,

*/s/ Charles P. Kazarian*
Charles P. Kazarian, BBO# 262660
Scott H. Kremer, BBO#559316
KAZARIAN LAW
10 High Street, Suite 1002
Boston, MA  02110
(617) 951-0100
cpk@kazarianlaw.com
shk@kazarianlaw.com