UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER HASTAY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MATTHEW HOLDEN, ) <br> THE MASSACHUSETTS STATE POLICE ) <br> and THE COMMONWEALTH OF ) <br> MASSACHUSETTS, ) <br> ) <br> Defendants. ) <br> ) | Civil Action <br> Case No. 1:22-cv-10439 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COMMONWEALTH OF MASSACHUSETTS AND THE DEPARTMENT OF STATE POLICES <u>MOTION TO DISMISS</u>**

The Commonwealth of Massachusetts and the Department of State Police ("Commonwealth Defendants") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, submit this memorandum in support of its Motion to Dismiss. All claims against the State Police should be dismissed because: (1) this Court has no jurisdiction to adjudge Plaintiff's tort claim against Commonwealth Defendants under the Eleventh Amendment and (2) the Commonwealth Defendants are not persons subject to suit under 42 U.S.C. §1983 or Massachusetts Civil Rights Act, M.G.L. c. 12, §11I.

**I.     INTRODUCTION**

The Plaintiff, Heather Hastay's complaint alleges eight counts against Trooper Matthew Holden ("Trooper Holden") and against the Massachusetts Department of State Police and the Commonwealth of Massachusetts (collectively the "Commonwealth Defendants") as a result of her arrest on May 10, 2019 by Trooper Holden for operating under the influence of alcohol. Count I alleges a violation of 42 U.S.C. §1983 against Trooper Holden and the Commonwealth Defendants. Count II alleges violations of the Massachusetts Civil Rights

Act, M.G.L. c. 12, §11I against Trooper Holden individually.[1] Count III alleges a claim for intentional infliction of emotion distress against Trooper Holden individually. Count IV alleges a claim for intentional infliction of emotion distress against Trooper Holden individually. Count V alleges assault against Trooper Holden individually. Count VI alleges battery against Trooper Holden individually. Count VII alleges a claim in negligence against the Commonwealth Defendants pursuant to M.G.L. c. 258 (The Massachusetts Tort Claims Act).

## II. STATEMENT OF FACTS

The facts alleged in the Complaint are taken as true for purposes of this motion only. Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009). See Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-36 (2008), quoting Bell Atlantic v. Twombly, 550 U.S. 544, 554-555 (2007).  On May 9, 2019, Heather Hastay (hereinafter "Plaintiff") after dining with a friend at the Ming Dynasty Restaurant in Marshfield, MA, got into her car and departed the Restaurant parking lot to go home. (Complaint ¶ 5.)  Upon leaving the lot, the Plaintiff was pulled over by Massachusetts State Police Trooper Matthew Holden. (Id. ¶ 6.)  Trooper Holden approached the Plaintiff's vehicle and engaged in conversation which the plaintiff described as inappropriate and personal. (Id. ¶ 7.)   After asking the Plaintiff a series of questions, Trooper Holden asked the Plaintiff to exit her car and perform standard field sobriety tests which she

---

[1] The Complaint does not contain count headings expressly indicating whether the particular claim is being brought against Trooper Holden or the Commonwealth Defendants (i.e. the Department of State Police and the Commonwealth of Massachusetts).  Counts I (41 USC §1983 civil rights claim) and VIII (negligence) appear to be directed toward the Commonwealth Defendants.  Although it appears that Count II, alleging violations of the Massachusetts Civil Rights Statute, G.L. c. 12 § 11I, appears to be directed toward Trooper Holden individually, the Commonwealth Defendants, out of an abundance of caution, will address that count as if it were being brought against them.  The other remaining counts, Counts III through VII, alleging intentional torts and negligence appear to be asserting claims solely against Trooper Holden individually.  To the extent that any other claims in the complaint are directed against them, the Commonwealth Defendants reserve the right to file appropriate responsive pleadings to those counts.

agreed to do. (Id. ¶¶ 8-9.)   After conducting the tests, Trooper Holden placed the Plaintiff under arrest, searched her vehicle, and allowed her passenger to leave the scene. (Id. ¶¶ 9-10.) Trooper Holden then transported the Plaintiff to the Norwell State Police Barracks where she was placed into a small dark room where she became concerned about Trooper Holden's demeanor and tone. (Id. ¶¶ 11-12.) Trooper Holden then brought the Plaintiff into the booking area where he allegedly group her buttocks and groin.  (Id. ¶13.)  The Plaintiff was offered and took a breathalyzer test which she passed. Trooper Holden called a superior officer who advised him to release the Plaintiff.  (Id. ¶ 14.)   The Plaintiff was issued a citation for a number plate violation and was released. (Id. ¶ 15.)  Plaintiff alleges that Trooper Holden then filed an inaccurate and inconsistent report. (Id. ¶ 15.)  Plaintiff alleges that she suffered emotional damages and made presentments upon the Commonwealth pursuant to G. L. c. 258, the Massachusetts Tort Claims Act.  (Id. ¶ 18.)

### III. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. 12(b)(6), a complaint must allege a set of facts "plausibly suggesting (not merely consistent with) an entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).  For a complaint to be plausible, the "allegations must be enough to raise a right to relief above the speculative level." Id. at 555. Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d. 301, 305 (1st Cir. 2008).  "The complaint must [also] allege facts, which, when taken as true, raise more than a speculative right to relief. Id. (internal citations omitted); Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir.2008). Although a plaintiff in defending a motion under Rule 12(b)(6) need

not provide specific facts in support of its allegations, *see* Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*per curiam*), it must include sufficient factual information to provide the grounds on which her claim rests, and to raise a right to relief above a speculative level. Twombly, 550 U.S. at 555–556 & n. 3. Although Federal Rule of Civil Procedure 8 may not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). What is demanded to survive a motion to dismiss is facial plausibility. Id. Determining whether a claim has facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679. Moreover, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

The Court reviews a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) under the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). See, e.g., Puerto Rico Tel. Co. v. Telecomm. Regulatory Bd. of Puerto Rico, 189 F.3d 1, 14 n.10 (1st Cir. 1999) ("The standard of review is the same for failure to state a claim and for lack of jurisdiction."). The party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction. Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

**IV. ARGUMENT**

A. <u>PLAINTIFF'S M.G.L. C. 258 MASSACHUSETTS TORT CLAIMS ACT CLAIM (COUNT VIII) AGAINST THE COMMONWEALTH DEFENDANTS SHOULD BE DISMISSED BECAUSE THIS COURT HAS NO JURISDICTION UNDER THE ELEVENTH AMENDMENT</u>

Count VIII claiming that the Commonwealth Defendants were negligent under the facts

4

set forth in the complaint should be dismissed under Rule 12(b)(1) and Rule 12(b)(6) because this Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment. The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment also bars suits brought for money damages in federal court against a state by its own citizens. Hans v. Louisiana, 134 U.S. 1, 10 (1890). In the absence of consent or abrogation, the Eleventh Amendment prohibits a federal court case in which the state or one of its agencies or departments is the named defendant. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") That immunity extends to any entity that is an "arm of the state." Wojcik v. Massachusetts State Lottery Comm'n., 300 F.3d 92, 99 (1st Cir. 2002).

It is well settled that the Commonwealth has not waived its Eleventh Amendment immunity with respect to tort claims. Caisse v. Dubois, 346 F. 3d. 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."); Rivera v. Massachusetts, 16 F. Supp. 2d 84, 87-88 (D. Mass. 1998) (Commonwealth has not waived it immunity from suit in federal court to tort claims pursuant to Chapter 258 and federal court lacks both original and supplemental jurisdiction over such claims). It is also well established that "[a] State's constitutional interest in immunity encompasses not merely whether it may be sued, but *where* it may be sued." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984)

(emphasis added).  Although Massachusetts has consented to suit under the MTCA in its own courts, it has not consented to suit in the federal courts. Mass. Gen. Laws ch. 258, § 3; Caisse v. Dubois, 346 F.3d 213, 218 (1st Cir. 2003); Rivera v. Massachusetts, 16 F. Supp. 2d 84, 87-88 (D. Mass. 1998). The Commonwealth Defendants are, therefore immune, from the tort claim alleged against them in the complaint.

Accordingly, because the Eleventh Amendment bars the Plaintiff's tort claim against the Commonwealth Defendants, Count VIII should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

B. COUNTS I AND II AGAINST THE COMMONWEALTH DEFENDANTS SHOULD BE DISMISSED BECAUSE THE COMMONWEALTH DEFENDANTS ARE NOT PERSONS SUBJECT TO SUIT UNDER 42 U.S.C. § 1983 OR UNDER G.L. C. 12 §11I

The Plaintiff's civil rights claims under 42 U.S.C. § 1983 should be dismissed for the additional reason that neither the Department of State Police nor the Commonwealth of Massachusetts is a "person" subject to suit under 42 U.S.C. § 1983 or G.L. c. 12 §§ 11H and 11I ("MCRA").  The Supreme Court has held that neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983.[2]  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity…"); Coggeshall v. Mass. Bd. Of Registration of Psychologists, 604 F.3d 658, 662 (1st Cir. 2010) (holding Massachusetts state board of

---

[2] 42 USC §1983 states, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.A. § 1983 (West).

registration of psychologists, as arm of state government, enjoyed Eleventh Amendment immunity from § 1983 suit seeking money damages).

Similarly, to the extent that the Plaintiff alleges violations of the MCRA, the Commonwealth Defendants are likewise not "person[s]" pursuant to the MRCA, and, therefore, cannot be sued under G.L. c. 12, §11I.  Williams v. O'Brien, 78 Mass. App. Ct. 169, 173 (2010) (affirming dismissal of civil rights claim against the Commonwealth because "the Commonwealth, including its agencies, is not a 'person' subject to suit pursuant to G.L. c. 12, § 11H").[3]  See Laubinger v. Dept. of Revenue, 41 Mass. App. Ct. 598, 601-602 (1996) (state agency not a "person" subject to § 1983); Commonwealth v. ELM Medical Labs. Inc., 33 Mass. App. Ct. 71, 75-76 (1992) (state agency not a "person" subject to G.L. c. 12, §11I).

Counts I of the complaint asserting claims under 42 U.S.C. § 1983 against the Commonwealth Defendants, and, Count II, to the extent that Count II alleges violations of G.L. c. 12, §11I against them, are therefore subject to dismissal since both counts fail to state claims against the Commonwealth Defendants since both are not "person[s]" subject to suit under those statutes.  For this reason, those counts should be dismissed.

## VI   CONCLUSION

WHEREFORE, for the foregoing reasons, the Commonwealth of Massachusetts and the Department of State Police respectfully requests that this Honorable Court dismiss Counts I, II and VIII against the Commonwealth Defendants.

---

[3] Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages.  Mass. Gen. Laws Ann. ch. 12, § 11I (West)

                              Respectfully Submitted,

                              The Massachusetts Department of
State Police and the Commonwealth of
Massachusetts

                              Jennifer M. Staples
BBO# 631399
Special Assistant
Attorney General

By:    /s/ Sean W. Farrell
        Sean W. Farrell BBO# 561332
        Office of the Chief Legal Counsel
        Massachusetts State Police
        470 Worcester Road
        Framingham, MA 01702
        Tel: (508) 820-2153
        Sean.Farrell@pol.state.ma.us

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I, Sean W. Farrell, Counsel for the Defendants hereby certify, pursuant to Local Rule 7.1, that counsel for the Commonwealth Defendants conferred with counsel for Plaintiff on April 19, 2022 in an attempt to narrow the issues raised in the Motion prior to its filing.

                              /s/ Sean W. Farrell
                              Sean W. Farrell

## CERTIFICATE OF SERVICE

I, Sean W. Farrell, Counsel for the Defendants, hereby certify that I have this day, April 19, 2022, served the foregoing document(s) upon Plaintiff's counsel, by ECF electronic filing.

                              /s/ Sean W. Farrell
                              Sean W. Farrell