UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER HASTAY,  )<br>    Plaintiff   )<br>             )
V.           )<br>             )
MATTHEW HOLDEN, et. al  )<br>    Defendant,  )<br>             ) | Civil Action No. 22 CV-10439 JCB |

### DEFENDANT MATTHEW HOLDEN'S MOTION TO DISMISS

Defendant Matthew Holden moves to dismiss Counts Two, Four and Seven of Plaintiff's Complaint. Count Two alleges a violation of the Massachusetts Civil Rights Act. Counts Four and Seven allege that Defendant is liable to the Plaintiff for negligence.

**M.G.L. c. 258 §2 Precludes Individual Liability for Negligence.**

Defendant is a Massachusetts State Police Officer (Trooper) who is being sued for arresting the Plaintiff for operating a motor vehicle under the influence of alcohol and for alleged actions during the course of that arrest. Pursuant to M.G.L. c. 258 §2, a public employee acting within the scope of his employment is exempt from liability resulting from his negligent conduct. The statute reads in pertinent part, that:

> ...no such public employee or the estate of a public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment...

As Counts Four and Seven allege Tpr. Holden was negligent in the scope of his duties as a public employee, those Counts must be dismissed pursuant to M.G.L. c. 258,

§2.  See Appleton v. Hudson, 397 Mass. 812, 494 N.E.2d 10 (1986); Pruner v. Clerk of the Superior Court, 382 Mass. 309, 415 N.E.2d 207 (1981).

## PLAINTIFF HAS NOT STATED A CLAIM UNDER THE MASSACHUSETTS CIVIL RIGHTS ACT

The Massachusetts Civil Rights Act (MCRA), MGL c. 12 § 11H-I requires *both* a violation of constitutional rights and an allegation that the purported violation was done by threats, intimidation or coercion. Currier v. National Board of Medical Examiners, 462 Mass. 1, 14 (2012); Pheasant Ridge Assoc. vs. Burlington, 399 Mass. 771 (1987); Deas vs.  Dempsey, 403 Mass. 468 (1989); Sena v. Com., 417 Mass. 250, 263 (1994).

The Supreme Judicial Court stated in Currier, supra:

> We have determined that the direct violation of a right by itself is not the equivalent of coercion. See, e.g., Longval v. Commissioner of Correction, 404 Mass. 325, 333-334 (1989) (direct violation of person's rights does not by itself involve coercion; even unlawful conduct lacks this quality when all it does is take someone's rights away directly); Pheasant Ridge Assocs. Ltd. Partnership v. Burlington, 399 Mass. 771, 781 (1987) (unlawful taking did not itself interfere with or attempt to interfere with plaintiffs' rights by coercion).

At 462 Mass. 14. The Court explained:

> Although "entitled to liberal construction of its terms," the civil rights act "was not intended to create, nor may it be construed to establish a `vast constitutional tort.' "It is for this reason that the Legislature "explicitly limited the [civil rights act's] remedy to situations where the derogation of secured rights occurs by threats, intimidation or coercion."

Id, at 12. (Internal citations omitted). Moreover, to be actionable, a defendant's actions must amount to "an attempt to force someone to do something the person is not lawfully required to do." Freeman v. Planning Bd. of W. Boylston, 419 Mass. 548, 565 (1995). A direct violation of civil rights which, in the absence of additional evidence of threats, intimidation or coercion while perpetrating this direct violation, is insufficient to establish a claim under the MCRA. Santiago v.  Keyes, 839 F.Supp.2d 429 (D. Mass. 2012)(Allegation of unconstitutional arrest cannot satisfy both requirements of the MCRA: a violation of rights and that the violation was done by threats, intimidation or coercion); Farrah v.  Gondella, 725 F.Supp.2d 238, 248 (D. Mass., 2010)(Claim of

excessive force insufficient to make out MCRA claim. "[w]hat is absent . . . is any showing (or even pleading) that the violation was intended to coerce [Bettencourt] into refraining from the exercise of a right or privilege secured by law."); Orwat v. Maloney, 360 F. Supp. 2d 146, 164 (D. Mass. 2005) (Allegation of excessive force insufficient since it "does not by itself involve threats, intimidation, or coercion and thus does not implicate the [MCRA]").

Here, assuming, arguendo, that Plaintiff was arrested and/or searched without probable cause those actions would be a direct violation of her rights and not satisfy the requirements of the MCRA of both a violation of rights and that it was done by threats, intimidation or coercion.  The remaining allegations are that the Plaintiff was touched inappropriately.  Assuming, again, arguendo, that those actions occurred and that they would constitute a violation of constitutional rights, they are again direct violations not done by threats, intimidation or coercion.  This is not a case where the allegation is that the plaintiff submitted to an assault because of threat, intimidation or coercion.  The allegation is that the Defendant touched her inappropriately.  If true, it may be a direct battery, but it does not satisfy the requirements of the MCRA.

## CONCLUSION

For the foregoing reasons Counts Two, Four and Seven of Plaintiff's Complaint must be dismissed.

>Respectfully submitted,
>Defendant Matthew Holden,
>By his attorneys
>
>   /s/ Brian Rogal
>Brian Rogal, Esquire
>BBO # 424920
>Rogal & Donnellan, P.C.
>100 River Ridge Drive, Suite 203
>Norwood, MA 02062
>(781)-255-1200
>(781) 255-7750  Fax
>brogal@rogalanddonnellan.com

<u>Certificate of Service</u>

  I certify that I have served the foregoing document on each other counsel of record via the Court's ECF system.


April 25, 2022                 <u> /s/ Brian Rogal      </u>
                           Brian Rogal