**UNITED STATES DISTRICT COURT**
**MASSACHUSETTS**

**HEATHER HASTAY,**
   **Plaintiff,**

v.                   C.A. NO. 1:22-cv-10439

**MATTHEW HOLDEN,**
**THE MASSACHUSETTS STATE POLICE, and**
**THE COMMONWEALTH OF MASSACHUSETTS,**
   **Defendants.**

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTIONS TO DISMISS**

The Plaintiff now comes before this Honorable Court in a joint response to the motion by the Defendant, Matthew Holden seeking to dismiss Count II (violation of G.L. c. 12, s. 11H), Count IV (negligent infliction of emotional distress), and Count VII (negligence) of the Plaintiff's Complaint, and the motion by the Defendants, Commonwealth of Massachusetts and the Massachusetts State Police, seeking to dismiss Count I (violation of 42 USC 1983); Count II (violation of G.L. c. 12, s. 11H); and Count VIII (G.L. c. 258).

As further explained below, the Court need not take any action as to Defendant Holden's Motion to Dismiss Count IV and Count V, and the Court need not take any action as to Defendants Commonwealth and State Police's Motion to Dismiss Count I, Count II, and Count VIII, as the Plaintiff seeks approval to file the attached Amended Complaint, which names only Matthew Holden as a Defendant in this Federal action, and eliminates Count IV (negligent infliction of emotional distress) and Count VII (negligence), as claims against Holden. See Amended Complaint, **Ex. A**.

Furthermore, as explained below, the Court should deny the motion by Defendant Holden to dismiss Count II (violation of G.L. c. 12, s. 11H), as the Plaintiff has alleged sufficient facts to

1

demonstrate that the Defendant Holden did violate her civil rights by means of threats, intimidation, or coercion.

With regard to Count IV (negligent infliction of emotional distress) and Count VII (negligence), the Plaintiff acknowledges that those claims must be brought against the Commonwealth and the State Police pursuant to G.L. c. 258, rather than brought directly against the Defendant Holden. The Plaintiff also acknowledges that where the Commonwealth and the State Police have refused to waive sovereign immunity for the purposes of the claims brought against them pursuant to G.L. c. 258, it is necessary and appropriate for the c. 258 claims be asserted against the Commonwealth and State Police in State court while the claims against the individual, Matthew Holden, continue forward in Federal Court. *Rivera v. Commonwealth*, 16 F. Supp. 2d. 84, 87-88 (D. Mass. 1998)("the Commonwealth has not waived its immunity from suit in federal court as to tort claims. . . .Consequently, [the c. 258 claims against the Commonwealth] must be remanded to state court.").

As such, the Plaintiff has filed a claim against the Commonwealth in the Plymouth Superior Court for Holden's negligence pursuant to c. 258, and the Plaintiff seeks leave to file the Amended Complaint attached hereto, which names Matthew Holden as the only defendant in this Federal case, and eliminates current Count IV (negligent infliction of emotional distress) and Count VII (negligence) against Holden. *See Rivera*, 16 F. Supp. 2d. at 88 fn. 5 ("when jurisdiction over certain defendants is lacking, it is proper to remand only the claims against those defendants, as opposed to the entire case.") See **Ex. A** and **Ex. B**. As such, Defendant Holden's Motion to Dismiss Count VI and Count VII, and the Defendants' Commonwealth and the State Police's Motion to Dismiss Count I, Count II and Count VIII are rendered moot, and the Court need not take any action on them.

The Court should deny Defendant Holden's Motion to Dismiss Count II of the Complaint (violation of G.L. c. 12, s. 11H). The Defendant erroneously argues that the Plaintiff failed to allege that the Defendant Holden violated the Plaintiff's civil rights by means of threats, intimidation, or coercion. The Defendant's argument is simply without merit, as the Complaint clearly sets forth allegations that demonstrate that the Trooper engaged in acts of threats, intimidation and coercion when violating the Plaintiff's civil rights. See Complaint para. 6-14, 16, **Ex. C**.

The Plaintiff has alleged more than that Trooper Holden violated her civil rights. The matter at bar is substantially different from the *Freeman* case cited by the Defendant, which merely addressed whether a planning board's unlawful denial of a subdivision plan satisfied the required proof of threats, intimidation, or coercion. Similarly, this case is different from *Farrah*, where the claim was that the officer punched the Plaintiff during an arrest, and different from *Orwat*, where again the claim was the Defendant officer punched the Plaintiff.

Here, the Plaintiff has alleged acts by Trooper Holden demonstrating an abuse of his position of authority, and his use of fear to demean, humiliate and coerce the Plaintiff into a position and situation in which he could sexually assault her.

In the Plaintiff's Complaint, the allegations of which must be accepted as true for the purposes of this motion, the Plaintiff alleged that after Trooper Holden unlawfully stopped her vehicle, the Trooper failed to inform her why she had been stopped, and he then proceeded to ask her personal and inappropriate questions. (Complaint para. 6-7). Despite not exhibiting signs of intoxication, (as evidenced by the fact that the Plaintiff later passed a breathalyzer test), the Trooper then abused his power and ordered the Plaintiff from her car to submit to the field sobriety test, and then the Trooper, again in an abuse of power, placed the Plaintiff under arrest,

handcuffed her, and transported her to the State Police barracks in the middle of the night. (Complaint para. 8-11, 14). While at the barracks, the Trooper brought the Plaintiff into a small, dark room/closet near the booking area, and based on his tone and demeanor, the Trooper put the Plaintiff in fear of what was to happen to her alone and handcuffed in a small, unlit, and dark room with the Trooper. (Complaint para. 11-12). While inside the small, dark room, the Trooper ordered the handcuffed Plaintiff to empty her pockets. (Complaint para. 12). The Plaintiff complied with the Trooper's orders, but based on his demeanor and tone, she remained very fearful and concerned about his intentions. (Complaint para. 12). Thereafter, the Trooper brought the Plaintiff into the booking area where they were again alone, and at this time, he groped the Plaintiff's buttocks and groin. The Plaintiff was shocked, alarmed and humiliated by this treatment, and feared that since they were alone there was nothing that she could do, except hope that the Trooper stopped the abuse. (Complaint para. 13). The Plaintiff has asserted ample allegations to demonstrate that the Defendant, Holden, violated her civil rights by means of threats, intimidation, or coercion.

      As such, the Plaintiff, requests (1) that this Court that the Court allow the Plaintiff to file the attached Amended Complaint; (2) that this Court deny Defendant Holden's Motion to Dismiss Count II of the Complaint; and (3) that this Court take no action on Holden's Motion to Dismiss Count IV and Count VII, and take no action on the Commonwealth's and State Police's Motion to Dismiss Count I, Count II and Count VIII.

Dated: May 2, 2022

Respectfully submitted,

PLAINTIFF,
Heather Hastay,
By her attorneys,

*/s/ Charles P. Kazarian*
Charles P. Kazarian, BBO# 262660
Scott H. Kremer, BBO#559316
KAZARIAN LAW
10 High Street, Suite 1002
Boston, MA  02110
(617) 951-0100
cpk@kazarianlaw.com
shk@kazarianlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed manually or through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 2nd day of May, 2022.

*/s/ Charles P. Kazarian*
Charles P. Kazarian

## REQUEST FOR ORAL ARGUMENT

The Plaintiff, Heather Hastay, respectfully requests oral argument regarding Defendants' motions to dismiss.

*/s/ Charles P. Kazarian*
Charles P. Kazarian